IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ANADEX DATA COMMUNICATIONS LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>COMPASSION CONSULTING & DISTRIBUTION, LP, DBA TOP DAWG ELECTRONICS<br><br>    Defendants. | Civil Action No. 6:20-cv-236<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Anadex Data Communications LLC ("ADC" or "Plaintiff"), for its Complaint against Defendant Compassion Consulting & Distribution, LP, DBA Top Dawg Electronics, ("Top Dawg" or "Defendant"), alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2. Plaintiff is a limited liability company organized under the laws of the State of Texas with a principal place of business at 3107 Boardwalk, Atlantic City, NJ 08401.

3. Upon information and belief, Top Dawg is a limited partnership organized and existing under the laws of the State of Texas, with a place of business at 8403 Cross Park Dr., Ste. 3G, Austin, TX 78754, and can be served with process through its registered agent, John Jolly, 2010 Colonial St., Richardson, TX 75082. Upon information and belief, Top Dawg sells

and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services into the stream of commerce that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

4.  Plaintiff is the assignee and owner of the patent at issue in this action: US Patent No. 7,310,120 ("Asserted Patent" or "'120 Patent").  Plaintiff holds all substantial rights and interest in the Asserted Patent, as described below, including the exclusive right to sue Defendant for infringement and recover damages.

5.  Plaintiff seeks monetary damages and prejudgment interest for Defendant's past and ongoing direct and indirect infringement of the Asserted Patent.

## JURISDICTION AND VENUE

6.  This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

7.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8.  This Court has personal jurisdiction over Defendant Top Dawg because Top Dawg conducts substantial business in Texas and in this District, including establishment of its headquarters at 8403 Cross Park Dr., Ste. 3G, Austin, TX 78754 (*see, e.g.*, *https://topdawgelectronics.com/pages/about-us* (last accessed on Mar. 25, 2019)).  Top Dawg makes, uses, sells, offers to sell, and/or imports its systems and components, including systems and components that infringe one or more claims of the Asserted Patent, within the state of Texas and in this District.  Such business conducted in this District includes, for example, selling and offering to sell infringing systems and components to consumers in this District.  Top Dawg derives substantial revenue from the sale of such infringing systems and components that are distributed within the District, including to consumers, and/or Top Dawg expects or should

reasonably expect its actions to have consequences within the District and derives substantial revenue from interstate and international commerce.  Top Dawg has committed and continues to commit acts of patent infringement, including making, using, selling, offering to sell, and/or importing within this District systems and/or components that infringe one or more claims of the Asserted Patent.

9. Furthermore, personal jurisdiction over Top Dawg in this action comports with due process.  Top Dawg has conducted and regularly conducts business within the United States and this District.  Top Dawg has purposefully availed itself of the privileges of conducting business in the United States, and more specifically in the State of Texas and this District.  Top Dawg has sought protection and benefit from the laws of the State of Texas by placing infringing products and services into the stream of commerce through an established distribution channel with the awareness and/or intent that they will be purchased by consumers in this District.  Having purposefully availed itself of the privilege of conducting business within this District, Top Dawg should reasonably and fairly anticipate being brought into court here.

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b). Defendant Top Dawg is subject to personal jurisdiction in this District and a substantial part of the events giving rise to Plaintiff's claims against Top Dawg occurred and continue to occur in this District.  Top Dawg has a regular and established place of business in this district— including at least its headquarters at 8403 Cross Park Dr., Ste. 3G, Austin, TX 78754—and its acts of infringement have taken place and are continuing to take place in this District.

11. Additionally, Top Dawg—directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents—ships, distributes, offers for sale, and/or sells its products and services in the United States and this District.  Top

Dawg has purposefully and voluntarily placed one or more of its infringing products and services into the stream of commerce with the awareness and/or intent that they will be purchased by consumers in this District. Top Dawg knowingly and purposefully ships products into, and within, this District through an established distribution channel that infringe the Asserted Patent. These products have been, and continue to be, purchased by consumers and businesses in this District.

## BACKGROUND OF THE INVENTION(S)

12. Mr. Marcin Zalewski is the sole inventor of the '120 Patent.

13. The '120 Patent resulted from the pioneering efforts of Mr. Zalewski (hereinafter "the Inventor") in the area of analog video conversion receivers. These efforts resulted in development of a receiver which could receive and convert an analogue video signal and control the display of the video frames at the time of the invention in 2004. At the time of these pioneering efforts, the most widely implemented technologies used to address controlling display of video signal frames were systems comprising a single frame buffer or systems comprising two frame buffers. In single frame buffer systems, output could be affected by interferences unless input and output timers were synchronized. This was problematic due to difficulties related to switching among input signals with different synchronization frequencies/phases. Systems with two frame buffers also suffered from similar performance-related drawbacks, as they required copying of large amounts of data, including data that must be fetched into the first buffer and copied to the second buffer in order to perform double buffering. The Inventor conceived of the inventions claimed in the '120 Patent as a way to eliminate these drawbacks and allow a conversion of video frames in such a way that the output frequency could be either lower or higher than the input frequency. (*See* Ex. 1 at 1:16-66.)

## THE ASSERTED PATENT

14. On December 18, 2007, the '120 Patent, entitled "Receiver of Analogue Video Signal Having Means for Analogue Video Signal Conversion and Method for Control of Display of Video Frames" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '120 Patent is attached as Exhibit 1.

15. Plaintiff owns all substantial right, title, and interest in the '120 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,310,120

16. Plaintiff incorporates and realleges the preceding paragraphs as if fully set forth herein.

17. Upon information and belief, Defendant has infringed and continues to directly infringe each and every element of at least claim 1 of the '120 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing in the United States without authority video receivers, and similar products, devices, systems, and/or components of systems that perform analog video signal conversion between two different formats ("Infringing Products"). The Infringing Products include, without limitation, video surveillance systems, such as the 2nd Gen 1080P MDVR 4-8 Cam DVR System with HDD Drive. *See* Exhibit 2 (User Manual showing 2nd Gen 1080P MDVR 4-8 Cam DVR System with HDD components and operation, available at https://cdn.shopify.com/s/files/1/0763/9807/files/Mobile_MDVR_User_manual_2.0.pdf?10804 (last visited Mar. 19, 2020) and Instructional Manual for the 2nd Gen 1080P MDVR 3 - 4 Cam DVR System, available at https://cdn.shopify.com/s/files/1/0763/9807/files/NEW_Online_1080P_3-4_MDVR_User_Manual.pdf?12239 (last visited on Mar. 19, 2020)).

18.     Discovery is expected to uncover the full extent of Defendant's infringement of the '120 Patent beyond the Infringing Products already identified through public information.

19.     A claim chart detailing how an Infringing Product, Top Dawg's 2nd Gen 1080P MDVR 4-8 Cam DVR System with HDD Drive, infringes claim 1 of the '120 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

20.     The Infringing Products have infringed and continue to infringe at least claim 1 of the '120 Patent.

21.     On information and belief, these Infringing Products are used, marketed, provided to, and/or used by or for each of Defendant's partners, clients, customers and end users across the country and in this District.

22.     Defendant was made aware of the '120 Patent and its infringement thereof at least as early as the filing of this Complaint.

23.     Plaintiff has suffered, and continues to suffer, damages as a result of Defendant's infringement of the '120 Patent.

24.     Defendant has infringed and continues to infringe the '120 Patent since at least the filing of this Complaint, despite being on notice of the '120 Patent and its infringement. Defendant has therefore infringed the '120 Patent knowingly, willfully, deliberately, and in disregard of Plaintiff's patent rights by infringing with actual knowledge of its direct infringement or while remaining willfully blind to the fact of its direct infringement.  As a result of at least this conduct, Plaintiff is entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

25.     Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case.  Plaintiff shall not be estopped for purposes of its infringement

contentions or its claim constructions by the claim charts that it provides with this Complaint. Plaintiff intends the claim chart (Ex. 3) for the '120 Patent to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure.  The claim chart is not Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendant as follows:

A. A judgment that Defendant has directly infringed the '120 Patent;

B. A judgment that Defendant has willfully infringed one or more claims of the '120 Patent;

C. A judgment awarding Plaintiff all damages adequate to compensate for Defendant's infringement, and in no event less than a reasonable royalty for Defendant's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

D. A judgment awarding Plaintiff treble damages pursuant to 35 U.S.C. § 284 as a result of Defendant's willful conduct;

E. A judgment and order finding that this case is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Plaintiff its reasonable attorneys' fees; and

F. An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

| | |
|---|---|
| Dated: March 26, 2020 | DEVLIN LAW FIRM LLC |

/s/ *Alex Chan*
Alex Chan (Bar No. 2410805)
achan@devlinlawfirm.com
Timothy Devlin (*pro hac vice* to be filed)
tdevlin@devlinlawfirm.com
DEVLIN LAW FIRM
1526 Gilpin Ave.
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff*
*ANADEX DATA COMMUNICATIONS LLC*